The court
decreed in favor of the defendants, upon the ground that money recovered by the judgment of a court of competent jurisdiction, cannot be recovered back in a new action, though the error or mistake in that judgment may be made manifest; and that the merits of a judgment cannot be examined into, and questioned in any original suit in the Court of Common Pleas. Till it is set aside, or reversed, it must be conclusive as to the subject matter of it, to all intents and purposes. This is the language of Lord Mansfield, in the case of Moses and Macfarlen. The ground of relief in that casé was not that the judgment was wrong, but'because the plaintiff could not avail himself of the matter on which his claim was found, ed, in his defence in the action against him ; because the court of conscience, which adjudged against him, had no cognizance of the collateral matter set up in his defence. That obstacle did not prevent the plaintiff, in this action, from, the benefit of his receipt in the action against him; and if he was unable, from accident or misfortune, to produce it on that occasion, this cfertainly is not the proper form of relief, if he is intitled to any. If he has been guilty of laches in the matter, he cannot be relieved at all. Vigilantibus et non dormientibus leges subveniunt.
The motion in this court, was on the ground of mistake as to the law, and was supported by Richaedson, of counsel, for. the plaintiff. But the court unanimously discharged the motion, and confirmed the determination of the District Court. Transit in rem judicatam.
Note, See 3 Johns. Rep. 157, Smith v. Lewis, and the cases cited, in point.